# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **Ruthie Luckett,** | ) |
| | ) |
| **Plaintiff,** | ) Case: 1:23-cv-01228 |
| | ) |
| v. | ) |
| | ) |
| **Total Maintenance Cleaning, Inc.,** | ) |
| | ) |
| **Defendant.** | ) **Jury Trial Demanded** |
| | ) |

## COMPLAINT

Plaintiff, Ruthie Luckett ("Plaintiff") in support of her Complaint against Total Maintenance Cleaning, Inc. ("Defendant"), states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendants race, color and sexual harassment based discrimination and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

5. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

6. Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit.

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of their receipt of the EEOC's Notice of Right to Sue.

## THE PARTIES

9. Plaintiff is an individual residing in Chicago, Cook County, Illinois.

10. Defendant operates a cleaning company at 615 Wheat Ln, Wood Dale, DuPage County, Illinois 60191, which is in this judicial district.

## BACKGROUND FACTS

11. The Plaintiff, Ruthie Luckett, (African American, Female) was hired by Marimar Cleaning Service as a Custodian on or around October 21, 2019; On or around October 1, 2021 the company was purchased by Total Maintenance Cleaning, Inc.

12. Plaintiff is an African American woman and is a member of a protected class because of her sex and race whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

13. The Plaintiff was subjected to race and sex discrimination and sexual harassment

because of her sex and race.

14. The discrimination was severe and pervasive and occurred on a daily basis. The Plaintiff had to endure humiliating and degrading comments that made the work environment hostile and unbearable due to the sexual and race harassment on the basis her being a woman and African American.

15. The sexual and race harassment endured by the Plaintiff was a material change in terms and conditions of employment, namely being harassed and humiliated.

16. The pervasive discrimination resulted in adverse employment actions such as demotions, and having to be placed at various locations, having to call ahead daily for her schedule all while her harasser has not been reprimanded.

17. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

18. Plaintiff was subjected to sexual harassment and sex discrimination to the point that the Plaintiff had to report it to Human Resources ("HR").

19. HR not only ignored the Plaintiff's complaints of sexual harassment, but HR has retaliated against her for making her complaints known.

20. Furthermore, the Plaintiff was subjected to retaliation and a hostile work environment based upon the Plaintiff's race and sex.

21. Plaintiff was treated less favorably than similarly situated employees.

22. The Plaintiff suffered a materially adverse employment action upon her participating in protected activity, namely, reporting discrimination to her employer.

23. The terms and conditions of employment required were altered in the case of the Plaintiff. The non-African American employees all maintained all privileges of work

while the Plaintiff was made to work at different schools and locations while her harasser enjoys the convenience of staying in the same place.

24. These daily-humiliating actions, of being called racial epitaphs and being sexually harassed, was an unreasonable interference in the ability to perform the Plaintiff's duties.

25. These acts were solely directed at the Plaintiff.

26. It was only the Plaintiff, an African-American that was humiliated on a daily basis over ignorant and hurtful sexual and racial stereotypes that perpetuate personal humiliation to the Plaintiff.

27. These actions were clearly directed at the Plaintiff for her being a female African-American.

28. The racial and sexual harassment was severe, pervasive, and constant.

29. The racially and sexually charged comments were not one time off hand remarks. It was a constant environment of harassment and humiliation.

30. On or around June of 2022, the Plaintiff began to experience race and sex discrimination and sexual harassment at her place of employment.

31. On or around July of 2022, a new custodian, Mr. Gray (Male), was hired.

32. Shortly after the Plaintiff began to experience sexual harassment.

33. On or around July of 2022, the Plaintiff was speaking to Mr. Gray, when he told the Plaintiff "that's what's wrong with you black women today, your mouth" he also stated "that's why WNBA doesn't want black women" and "No one wants you anyway with your dried up pussy."

34. The Plaintiff was absolutely embarrassed and humiliated to hear her coworker say

4

this.

35. The Plaintiff immediately reported his comments to her Union and was instructed to file a report with her supervisor.

36. On or around August of 2022, The Plaintiff made a complaint with her Supervisor, Anthony (LNU) (Male) and Dorian McCraine (Male).

37. Mr. Anthony did not discipline Mr. Gray for harassing the Plaintiff; instead Plaintiff was told she was going to move to a different school away from Mr. Gray.

38. To add insult to injury, Mr. McCraine then told the Plaintiff, "it's better if you leave to keep down the embarrassment."

39. The Plaintiff felt as though she was being punished for making a sexual harassment complaint.

40. On or around August 22, 2022, the Plaintiff was to begin working at a school closer to her home; however, this did not happen.

41. The Plaintiff was instead forced to work at eight different schools, all farther away from her home.

42. Plaintiff was told that, since she no longer has a permanent school to work at, she will have to call every morning at 5:00am to get her assignment for the day.

43. This has caused severe emotional distress; the Plaintiff has been an employee with the company for two years and has been forced to move locations, while her harasser, a male, was employed for a month and was allowed to remain in the school.

44. The Plaintiff has been retaliated against for reporting my complaints of sexual harassment and unlawful discrimination.

45. The Plaintiff has been discriminated against on the basis of her race, African

American, sex, female, and has been subjected to sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

## COUNT I
### Race-Based Discrimination in Violation of 42 U.S.C. Section 1981

46. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

47. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

48. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

49. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

50. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and Plaintiff is entitled to all legal and equitable remedies under Section 1981.

51. Plaintiff demands this count be tried by a jury.

## COUNT II
### Race-Based Harassment in Violation of Title VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

52. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

53. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her race, African American, and

her Sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

54. Defendant knew or should have known of the harassment.

55. The race harassment was severe or pervasive.

56. The race harassment was offensive subjectively and objectively.

57. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her race, African American, and her sex, female.

58. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
**Sex-Based Discrimination in Violation of
Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.**

59. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

60. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her sex/gender, in violation of Title VII.

61. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

62. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

63. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is

entitled to all legal and equitable remedies under Title VII.

64. Plaintiff demands that this count be tried by a jury.

## COUNT IV
### Sex-Based Harassment in Violation of
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

65. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

66. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

67. Defendant knew or should have known of the harassment.

68. The sexual harassment was severe or pervasive.

69. The sexual harassment was offensive subjectively and objectively.

70. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her sex, female.

71. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT V
### Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.*

72. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

73. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

74. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful race, sex and sexual harassment discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the

8

Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

75. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race and sex and discrimination and sexual harassment.

76. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

77. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the race–based and sex-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

78. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

79. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## REQUEST FOR TRIAL BY JURY

80. The Plaintiff hereby demands trial by jury for all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c.    Compensatory and punitive damages;

    d.    Reasonable attorneys' fees and costs;

    e.    Award pre-judgment interest if applicable; and

    f.    Award Plaintiff any and all other such relief as the Court deems just and proper.

Dated this 28th day of February 2023.

/s/ *Nathan C. Volheim*
NATHAN C. VOLHEIM, ESQ.
FRANKLIN JARA, ESQ.
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-8010
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
fjara@sulaimanlaw.com
*Counsel for Plaintiff*